UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA C. WOOD,<br><br>   Petitioner,<br><br>  v.<br><br>COUNTY OF CONTRA COSTA,<br><br>   Respondent. | Case No. 21-02203 EJD (PR)<br><br>**ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner Andrea C. Wood has filed a filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the unlawful detention of two of her minor children by Contra Costa County ("County"). Dkt. No. 1. Petitioner paid the filing fee. Dkt. No. 2. For the reasons discussed below, this matter must be dismissed.

**DISCUSSION**

**A. Standard of Review**

This court may entertain a petition for writ of habeas corpus from a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that

the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.      Analysis**

Petitioner refers to two other cases in her papers. She first cites to "Related Case: 19-cv-3885-SK" on the cover sheet of the petition, and the following attached pages appear to be a copy of an appeal filed in the Ninth Circuit of Case No. 19-cv-04266-MMC, id. at 2-4. The first case, No. 19-cv-3885-SK, was a previous § 2241 habeas petition before this Court, in which Petitioner sought immediate release of her children from the custody of the State. The Court granted Respondent's motion and dismissed the action for lack of subject matter jurisdiction on November 22, 2019. See Wood v. County of Contra Costa, et al., Case No. 19-03885 EJD (PR), Dkt. No. 55. It does not appear that Petitioner appealed that matter to the Ninth Circuit. Alongside that habeas action, Petitioner filed a separate civil rights action seeking damages and injunctive relief. See Wood v. County of Contra Costa, et al., Case No. 19-cv-04266-MMD. That action was also dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine on October 8, 2019. Id., Dkt. No. 54.[1]

In the instant action, Petitioner Wood is again seeking a remedy for the allegedly unlawful detention of her two minor children, HP, and KP, by the County. Dkt. No. 1 at 7. As in the previous § 2241 petition, Petitioner claims her children were removed from their home on August 17, 2017, "without an Access Order, without warrant, no authorization to enter, and without an Order of Temporary Removal," all in violation of due process. Dkt. No. 1 at 11; compare Wood v. County of Contra Costa, et al., Case No. 19-03885 EJD (PR), Dkt. No. 7 at 8-9. As before, Petitioner seeks the immediate release of her children from the custody of the State and to recover survivor benefits, among other relief. Dkt. No. 1 at 27.

This case must be dismissed for the same reason that Petitioner's prior § 2241

---

[1] "Under the Rooker-Feldman doctrine, 'federal district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings,' even where 'the challenge to the state court decision involves federal constitutional issues.'" Dkt. No. 54 at 5, citing Doe & Associates Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001).

2

petition was dismissed. In Lehman v. Lycoming County Children's Services, the Supreme Court addressed the issue of whether federal habeas corpus jurisdiction may be invoked to challenge the constitutionality of a state statute under which a State has obtained custody of children and has terminated involuntarily the parental rights of their natural parent. 458 U.S. 502, 507 (1982). As in the instant case, the petitioner in Lehman was seeking to regain custody of her children from the State after they had placed in foster care. Id. at 502. In holding that federal habeas relief is unavailable in child custody cases, the Supreme Court found that federal habeas corpus has never been available to challenge parental rights or child custody. Id. at 511. A federal habeas petition challenging a state's child-custody determination simply seeks to relitigate the petitioner's interest in his or her own parental rights. See id. A federal court has no jurisdiction to relitigate these interests; federal courts are not courts of appeal from state decisions. See D.C. Ct. App. v. Feldman, 460 U.S. 462, 486 (1983). To extend the federal writ to challenges to state child-custody decisions based on alleged constitutional defects collateral to the actual custody decision would be an unprecedented expansion of the jurisdiction of the federal courts. See Lehman, 458 U.S. at 512.

Based on the clear Supreme Court precedent on the matter, this action must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

This action is **DISMISSED** for lack of subject matter jurisdiction. Furthermore, a Certificate of Appealability is **DENIED**. See Rule 11(a) of the Rules Governing Section 2254 Cases. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate

from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED**.

Dated:  8/11/2021

_____
EDWARD J. DAVILA
United States District Judge

Order of Dismissal; Deny COA
P:\PRO-SE\EJD\HC.21\02203Wood_dism(juris)